# UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
## TENTH CIRCUIT

ROSEMARIE BRETSCHNEIDER,

    Plaintiff-Appellant,

v.

FRANK EUGENE BROWN, and
UNITED STATES DEPARTMENT
OF THE ARMY,

    Defendants-Appellees.

Nos. 96-7020 & 95-7174
(D.C. No. CV-95-274-B)
(E. Dist. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

Rosemarie Bretschneider brought this action pro se against Frank Eugene Brown and the Department of the Army. Mr. Brown is the father of a son born to Ms. Bretschneider in Germany in 1960 while Mr. Brown was stationed there with the armed forces. Although Mr. Brown was determined to be the father by the German courts and was ordered to pay child support until the son reached eighteen years of age, he failed to do so. Ms. Bretschneider now seeks to recover compensatory and punitive damages from Mr. Brown, a declaration that her son is Mr. Brown's heir, and compensatory and punitive damages from the Army for its alleged conspiracy with Mr. Brown to evade his child support obligations.

The district court held that dismissal of the claims against Mr. Brown was appropriate both on the basis of the domestic relations exception to diversity jurisdiction, and because the statute of limitations had expired. The court concluded that dismissal against the Army was appropriate both because Ms. Bretschneider had failed to comply with the administrative filing requirement of the Federal Tort Claims Act, and because the claims arose in a foreign country and therefore cannot be pursued under the Act. We have carefully reviewed the thorough and well-reasoned opinion of the district court, and we are in substantial agreement with its analysis and authorities. Accordingly, we affirm the dismissal of the claims against Mr. Brown and the Army.[1]

---

[1]We also deny all pending motions as moot.

Ms. Bretschneider filed a motion to join her daughter Barbara Schwarz to represent the interests of Ms. Bretschneider's children. Ms. Schwarz sought damages for herself and her siblings, who allegedly suffered throughout their lives as a result of their childhood poverty, which in turn was allegedly caused by Mr. Brown's failure to pay child support. The district court denied the motion to join on the basis that it would serve no useful purpose in light of the derivative nature of Ms. Schwarz' claims and the order dismissing the mother's claims. We agree.

Finally, in a separate appeal which we have consolidated with the appeal on the merits, Ms. Bretschneider challenges the district court's denial of her motion for recusal. Ms. Bretschneider's motion, which was untimely, was based upon unsubstantiated allegations and adverse rulings. The district court therefore did not abuse its discretion in refusing to recuse. See Willner v. University of Kansas, 848 F.2d 1023 (10th Cir. 1988), cert. denied, 488 U.S. 1031 (1989).

AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge